Filed 8/28/13  P. v. McGilbery CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SUMARTRA LAKISA McGILBERY,<br><br>    Defendant and Appellant. | A136554<br><br>(Contra Costa County<br>Super. Ct. No. 05-110700-2) |

Defendant Sumartra Lakisa McGilbery (appellant) appeals from the judgment entered following her conviction after jury trial of assault (Pen. Code, § 241, subd. (a)), misdemeanor child abuse (Pen. Code, § 273a, subd. (b)), and leaving the scene of an injury accident (Veh. Code, § 20001, subd. (a)).  She contends the trial court erred in declining her request to recall a witness and to instruct the jury on self-defense.  We affirm.

## PROCEDURAL BACKGROUND

In May 2011, an information was filed in the Contra Costa County Superior Court charging appellant with assault with a deadly weapon and by means of force likely to produce great bodily injury (Pen. Code, former § 245, subd. (a)(1); now § 245, subd. (a)(1) & (4)), felony child abuse (Pen. Code, § 273a, subd. (a)), and leaving the scene of an injury accident (Veh. Code, § 20001, subd. (a)).  In April 2012, a jury found appellant guilty of simple assault (Pen. Code, § 241, subd. (a)), misdemeanor child abuse (Pen.

1

Code, § 273a, subd. (b)), and leaving the scene of an injury accident (Veh. Code, § 20001, subd. (a)). In June, the trial court placed appellant on probation for four years. This appeal followed.

FACTUAL BACKGROUND

The victim, Christine King, was driving on the Carquinez Bridge on March 24, 2010, at approximately 8:15 a.m. King noticed in her rear view mirror a dark car darting in and out of traffic. She moved her car to the right lane because she intended to exit the freeway, and she braked as she approached the exit. King was rear-ended by the dark car as King was taking the off ramp. King's car went into a cement wall and she was injured in the crash. It is undisputed that appellant was the driver of the car that struck King's car. King did not interact with appellant before the collision.

Travis Swafford and Barbara Romero were also driving on the Carquinez Bridge the morning of March 24, 2010. Swafford observed appellant's car tailgating other cars and swerving into various lanes. Romero observed two cars speeding, the car behind (driven by appellant) looked like it was chasing the front car. Both Swafford and Romero observed King's car brake, causing appellant's car to brake as well. Both Swafford and Romero then observed appellant's car accelerate, hit King's car from the rear, and leave the scene. Swafford saw King's car spin from the impact and hit the guard rail. Romero followed appellant's car to a school, where a female passenger who looked about 12 years old exited the vehicle.

California Highway Patrol Officer Don Johnson located appellant, who told Johnson that King had driven next to her and given her the finger. King then cut in front of appellant and hit the brakes, causing appellant to hit her.

At trial, appellant provided the same basic description of the accident. She acknowledged she was darting in and out of traffic before she encountered King's car, she was always behind King's car, and King's car was exiting the freeway at the moment of the collision. Appellant did not exchange words with King and she did not see a weapon in King's possession.

A third eyewitness, Robert George, testified for the defense that appellant's car was very close to King's car and struck King's car when King's car braked.

DISCUSSION

Appellant first contends the trial court erroneously denied her request to recall the victim, King, as a witness after the conclusion of appellant's testimony during the defense case. We need not decide whether the trial court erred, because any error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18, 24.) Appellant explains she wanted "to question King about restitution and a statement she had provided an insurance company," as well as "a civil lawsuit she had filed against appellant." She asserts, "These matters all bore on King's credibility in general and a motivation to lie about the incident in particular." However, even assuming the proffered inquiry would have undermined King's credibility, there is no probability it would have changed the outcome of the trial because the key prosecution witnesses were Swafford and Romero. Both of those uninterested eyewitnesses testified that appellant accelerated into the rear of King's car; King's testimony was not the strongest evidence supporting appellant's conviction on any of the counts.

Appellant also contends the trial court erred in refusing to instruct the jury on self-defense. The trial court properly denied the request to instruct on self-defense because substantial evidence did not support the giving of the instruction. (*People v. Villanueva* (2008) 169 Cal.App.4th 41, 49; see also *People v. Blair* (2005) 36 Cal.4th 686, 744-745 [substantial evidence means "evidence from which a jury composed of reasonable persons could conclude that the facts underlying the particular instruction exist."].) "[B]oth self-defense and defense of others, whether perfect or imperfect, require an actual fear of *imminent* harm." (*People v. Butler* (2009) 46 Cal.4th 847, 868; see also *In re Christian S.* (1994) 7 Cal.4th 768, 783 ["The defendant's fear must be of *imminent* danger to life or great bodily injury."].) In the present case, there is no evidence appellant feared harm when she hit King's vehicle. It is undisputed appellant's car was behind King's car and King's car was exiting the freeway at the time of the collision, and there is no evidence King had a weapon or threatened appellant. Appellant's opening

3

brief on appeal fails to cite to any evidence of a fear of imminent harm, and respondent's brief points out the absence of such evidence. Nevertheless, appellant's reply brief still fails to refer to any evidence of a fear of imminent harm. The trial court did not err in refusing to instruct on self-defense.

## DISPOSITION

The trial court's judgment is affirmed.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.

4